Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50553 | **DATE** | 1/12/2004 |
| **CASE TITLE** | DirecTV, Inc. Vs. Wysong | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss having been transferred from case no. 03-50222(DirecTV, Inc. v. Oiliveri), for the reasons stated on the reverse memorandum opinion and order, the court grants the motion to dismiss as to Count IV and denies the motion in all other respects.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3 |
| | Notified counsel by telephone. | JAN 13 2004 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-12-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Dennis Wysong, filed a motion to dismiss the complaint of plaintiff, DirecTV, Inc., asserting the following pursuant to Fed. R. Civ. P. 12(b)(1): (1) Counts III and IV, which allege violations of 18 U.S.C. § 2511 and § 2512, respectively, are barred by the two-year statute of limitations; and (2) Counts I and II are time- barred because the appropriate statute of limitations is two years and the complaint was filed beyond that time period; and the following pursuant to Fed. R. Civ. P. 12(b)(6): (1) Counts I and IV fail to state a cause of action; (2) section 2512, which is the basis for Count IV, does not provide a private right of action; and (3) defendant was improperly joined in this action. For the following reasons, the court denies the motion to dismiss in part and grants it in part.

The court dismisses Count IV as it has earlier ruled that section 2512 does not create a private right of action. See DirecTV, Inc. v. Westendorf, 03 C 50210, Order dated 9/15/03.

The court denies the motion to dismiss based on improper joinder as the magistrate judge has previously severed defendant and ordered plaintiff to file a separate case naming Wysong as the defendant. See Order dated 11/19/03.

As for the statute of limitations, the parties disagree as to whether a two-year or three- year statute of limitations applies to Count I and II. The court need not sort out this dispute, however, as it finds based on the allegations that the complaint was filed within two years of the cause of action accruing.

Accrual is the date on which the statute of limitations begins to run and not the date on which the wrong that injures the plaintiff occurs. Cada v. Baxter Healthcare Corp., 920 F. 2d 446, 450 (7th Cir. 1990). The discovery rule, which is read into statutes of limitations in federal question cases, postpones the beginning of the limitations period from the date of the injury to the date the plaintiff discovers he has been injured. Cada, 920 F. 2d at 450.

Here, while plaintiff alleges that it first became aware of defendant's identity and involvement in pirating satellite programming "after May and December of 2001," it states in its response to the motion to dismiss that it did not discover the alleged illegal conduct until May 25, 2001. A plaintiff may effectively "amend" his complaint in such a manner to specify the date of his discovery. Clark v. City of Braidwood, 318 F. 3d 764, 767-78 (7th Cir. 2003). Because plaintiff is not required to negate the statute of limitations defense in its complaint, the only question is whether there is any set of facts that if proven would defeat the statute of limitations defense. See Clark, 318 F. 3d at 767. Based on plaintiff's allegations, it has filed its complaint within two years of its alleged discovery of being injured. Therefore, the motion to dismiss on that basis is denied.

In so ruling, the court realizes that plaintiff may be able to avail itself of the doctrine of equitable tolling, which differs from the discovery rule in that under equitable tolling the plaintiff is assumed to know he is injured so that the statute of limitations has begun to run but he cannot obtain the information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant. See Cada, 920 F. 2d at 451. That is an issue that cannot presently be resolved in a motion to dismiss.

The last issue is whether plaintiff has stated a cause of action under 47 U.S.C. § 605(e)(4) in Count I of its complaint. Defendant contends, without citation of authority, that to prevail under section 605(e)(4) a plaintiff must establish that the "primary usefulness" of the programmers allegedly received by defendant are for the unauthorized decryption of plaintiff's satellite signal. In this regard, defendant points to other uses for such programmers, all matters of which are outside the complaint.

Defendant's argument fails for three reasons. First, section 605(e)(4) describes devices or equipment that is "primarily of assistance in the unauthorized decryption" of satellite signals. This section does not use the term "primarily useful" and there is no apparent reason to treat the terms synonymously. Second, even if "primarily useful" is considered synonymous with "primarily of assistance," the allegations in the complaint state that the access card programmers are an essential piece of equipment needed to reprogram an access card, thereby allowing for unauthorized access to plaintiff's satellite signal. This is sufficient to state a claim under section 605(e)(4). Finally, while there may be other legitimate uses for the programmers, those are matters not properly before the court in a Rule 12(b)(6) motion. Thus, defendant's motion to dismiss Count I is denied.

For the foregoing reasons, the court grants defendant's motion to dismiss as to Count IV and denies the motion in all other respects.